**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Southern Division)

| | | |
|---|---|---|
| OSCAR RAMIREZ<br><br>Plaintiff,<br><br>v.<br><br>STERLING AUTO SERVICE AND BODY SHOP, LLC, *et al.*,<br><br>Defendants. | ) | Civil Action No. GLS-25-1143 |

**<u>MEMORANDUM OPINION RELATED TO THE</u>**
**<u>JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT</u>**

On April 7, 2025, Plaintiff Oscar Ramirez filed suit in this Court against Defendants Sterling Auto Service and Body Shop, LLC and Jose A Giron (collectively, "Defendants") alleging violations of the following laws: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code. Ann., Labor & Empl. §§ 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.* (ECF No. 1). Defendants responded to the Complaint. (ECF No. 12). On July 31, 2025, the parties consented to the undersigned' pursuant to 28 U.S.C. § 636(c). (ECF No. 12).

On August 14, 2026, a "Joint Motion to Approve Settlement, Dismiss Case with Prejudice and Retain Jurisdiction to Enforce Settlement Terms," ("Joint Motion"), (ECF No. 42), was filed by the Plaintiff and the Defendants (hereinafter, collectively referred to as "the parties"). Attached in support thereto are the following documents: (a) "Settlement Agreement and Mutual Release" ("Agreement"); (2) an unexecuted copy of a "Confessed Judgment;" and (c) billing records related to Plaintiff's attorneys' fees. (ECF Nos. 42-1). The Agreement is signed by the parties, but the confessed judgment is not. (ECF No. 42-1, pp. 9-13).

The undersigned has considered the Joint Motion and the attachments thereto. As set forth herein, the Court finds that the settlement amount and terms, including the payments to Plaintiff and to the attorneys for their fees, are fair and reasonable given the facts of this case. However, the Court does not find good cause to retain jurisdiction over this case. Accordingly, the Joint Motion is granted, as set forth herein.

## I. DISCUSSION

The Agreement releases and discharges all controversies of any nature between Plaintiff and Defendants (ECF No. 42-1, pp. 4-5). The total amount of the settlement is $52,500.00[1] further broken down as follows: (a) $17,500 payable to Plaintiff; and (b) $35,000 payable to Plaintiff's attorneys for their fees and costs. The $35,000 is further broken down as $5,387.66 for costs and $29,612.34 for attorneys' fees. (ECF Nos. 42, p. 6; 42-1, p. 1).

### A. Background on the FLSA, *Bona Fide* Dispute, Fairness and Reasonableness

Congress enacted the FLSA to protect workers from receiving subminimum wages and/or working overtime hours without pay, which could result from the unequal bargaining power that frequently exists between employers and employees. *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 116 (1946); *Chao v. Gotham Registry, Inc.*, 514 F.3d 280 (2nd Cir. 2008). Thus, the FLSA's provisions are mandatory and generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).

Two exceptions to the rule against settlement or compromise have evolved by statute and caselaw i.e., FLSA rights can be waived with: (a) the supervision of the U.S. Department of Labor;

[1] There is a detailed payment schedule. The first payment is due in the amount of $5,000.00. The next six payments are equal payments in the amount of $5,000 per month. The seventh and final payment is in the amount of $17,500 (*See* ECF No. 42-1, p.2). In addition, the parties have submitted an unexecuted confessed judgment, which the court infers that the parties want to apply to this case, should the Defendants fail to abide by the terms of the Agreement. (*See* ECF No. 42-1, pp. 11-13).

or (b) judicial approval of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

Although the Fourth Circuit has not addressed the factors to be considered in approving FLSA settlements, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Saman v. LBDP, Inc.*, Civ. No. DKC-12-1083, 2013 WL 2949047, at *1, 2 (D. Md. June 13, 2013); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010)). The settlement must "reflect[] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions," which includes findings with regard to: (1) whether there are FLSA issues actually in dispute; (2) the fairness and reasonableness of the settlement in light of the relevant factors, including, where applicable, Fed. R. Civ. P. 23 factors; and (3) the reasonableness of the attorneys' fees, if included in the agreement. *Saman*, *supra*, at *3-4. (citing *Lynn's Food Stores*, 679 F.2d at 1355); *Lomascolo v. Parsons Brinckerhoff, Inc.*, Civ. No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko-Me, LLC*, Civ. No. DKC-10-2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011))(emphasis supplied).

**B. *Bona Fide* Dispute**

The Court's determination is grounded in its review of the pleadings and representations in the proposed settlement agreement. *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 411 (D. Md. 2014, 30 F. Supp. 3d at 408 (citing *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955, at *1, 16–17 (E.D. Va. 2009)). In the Joint Motion, the parties represent that a bona fide dispute exists about whether the Defendants violated federal and state law. (ECF No. 42, p. 4).

**C. Fairness & Reasonableness**

The Court considers several factors in determining the reasonableness and fairness of an

FLSA settlement agreement: (1) the extent of discovery; (2) the stage of the proceedings, including the complexity, expense, and foreseeable duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of the plaintiffs' success on the merits. *Yanes v. ACCEL Heating & Cooling, LLC*, Civ. No. PX-16-2573, 2017 WL 915006, at *2 (D. Md. Mar. 8, 2017) (citing *Lomascolo*, 2009 WL 3094955, at *10).

Regarding the first factor, scheduling orders were entered in this case. (ECF Nos. 29, 34, 37). The Court entered these modified Scheduling Orders per the requests of the parties, so that they could resolve disputed issues, take depositions, obtain compliance with subpoenas issued and attempt to resolve this matter via mediation. *See also* ECF No. 40.

Regarding the third factor, the Court does not have any evidence of fraud or collusion in the settlement. Regarding the fourth factor, the parties are represented by counsel who are experienced in FLSA matters, specifically in wage-and-hour litigation. (ECF No. 42, p. 5). The fifth factor is not relevant here, given that the case only involves a single individual and not a class action. *Lomascolo*, 2009 WL 3094955, at *10.

Regarding the sixth factor, the parties agree that the settlement amount, which includes attorneys' fees and costs, reflects a compromise given "the balance of the evidence in this case" and in recognition "that it is unlikely that Plaintiff will be able to prove he always worked [more than 8 hours/day]." (ECF No. 42, p. 5).

**D. Attorneys' Fees and Costs**

A plaintiff who prevails on an FLSA claim is entitled to the payment of attorney's fees and

costs. 29 U.S.C. § 216(b);[2] *see also Randolph v. Powercomm. Construction, Inc.*, No. 16-3270, 2017 WL 5032476, at **1, 2 (4th Cir. Oct. 31, 2017). The amount awarded for fees and costs is discretionary. *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984); *see also Randolph v. Powercomm Construction, Inc.*, 715 Fed. App'x 227, 230 (4th Cir. 2017).

To calculate the amount to be awarded in attorneys' fees, a court must determine what is reasonable. *Hensley v. Eckerhart et al.*, 461 U.S. 424, 433 (1983). To do so, courts engage in a three-step process. First, a court must calculate the lodestar, which is "the number of reasonable hours expended [multiplied by] a reasonable [hourly] rate." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). To determine whether the hours and rates are reasonable, the Fourth Circuit has held that a court's discretion should be guided by the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The twelve factors ("*Johnson* factors") are:

> (1) the time and labor expended;
> (2) the novelty and difficulty of the questions raised;
> (3) the skill required to properly perform the legal services rendered;
> (4) the attorney's opportunity costs in pressing the instant litigation;
> (5) the customary fee for like work;
> (6) the attorney's expectations at the outset of the litigation;
> (7) the time limitations imposed by the client or circumstances;
> (8) the amount in controversy and the results obtained;
> (9) the experience, reputation, and ability of the attorney;
> (10) the undesirability of the case within the legal community in which the suit arose;
> (11) the nature and length of the professional relationship between attorney and client; and
> (12) attorneys' fees awards in similar cases.

*McAfee*, 738 F.3d at 88, n.5.

[2] In an FLSA action, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

*1. Hourly Rates*

In this District, courts often begin their analysis with the "United States District Court for the District of Maryland: Local Rules, Appendix B, Rules and Guidelines for Determining Attorneys' Fees in Certain Cases" ("the Guidelines" or "Loc. R. App. B"). The Fourth Circuit has recently held that a court "may consider, but is not bound by" the Guidelines when determining whether an hourly rate is reasonable. *De Paredes v. Zen Nails Studio, LLC,* 134 F.4th 750, 754 (4th Cir. 2025)(citing *Newport News Shipbuilding & Dry Dock Co. v. Holiday*, 591 F.3d 219, 229 (4th Cir. 2009)). Thus, when a court is faced with a fee petition and is determining whether a fee rate is "reasonable," it may not treat the Guidelines as "'presumptively reasonable' and require special justification to deviate from [them]." *De Paredes*, 134 F.4th at 754 (further citations omitted). Rather, a court "must consider all relevant evidence to determine 'the prevailing market rates in the relevant community'. . . including lawyer affidavits, fee awards in similar cases, general surveys, fee matrices, and even its 'own personal knowledge.'" *De Paredes*, 134 F.4th at 754 (further citations omitted).

In December 2025, the Guidelines were revised such that they no longer contain a detailed matrix on suggested hourly rates. *See* Loc. R. App. B. 3. (D. Md., Dec. 1, 2025). Instead, a court should determine a reasonable hourly rate by "using declarations, affidavits, stipulations by the parties, or other evidence." (*Id.*). Relatedly, there is now a reference to the *Fitzpatrick Matrix*,[3]suggesting that it might be a "useful guideline for hourly rates," and the notion that a court may apply a 5-20% reduction to reflect the difference between hourly rates in the legal markets for Washington, D.C. and Maryland. *Id.* That being said, the Guidelines also make clear that the factors identified in pertinent caselaw still govern, and that a court should determine a reasonable

[3] The Fitzpatrick Matrix is available at https://www.mdd.uscourts.gov/sites/mdd/files/fitzpatrick-matrix.pdf.

fee award "in accordance with relevant case law." *Id.*

As set forth above, the Agreement provides for attorneys' fees and costs in the amount of $35,000.00. (ECF No. 42-1, p. 1). Plaintiff's counsel calculated their fees by first determining their loadstar amount of $57,562.50.00, and then agreed to reducing their fees by 42% of the lodestar and then further voluntarily wrote off $8,545.00 in the exercise of "billing judgment." (ECF No. 42, pp. 7-8). In support of its request for attorneys' fees, Plaintiff's counsel provided a spreadsheet of their billing records. (ECF No. 42-2). In addition, according to the Joint Motion, the hourly billing rates are as follows:

| Timekeeper | Hourly Rate |
|---|---|
| Omar Vincent Melehy | $750.00 |
| Suvita Melehy | $700.00 |
| Andrew Balashov | $575.00 |
| Paralegals/Law Clerks | $250.00 |

(ECF No. 42, p. 7).

The Court first finds that the Joint Motion and the billing records do not identify how long any of the attorneys have been practicing law. The Court further notes that even the *Fitzpatrick Matrix* references the number of years of legal experience of an attorney petitioner.[4] However, for this one instance, and in the interest of expediency in ensuring that Plaintiff is promptly paid, the Court exercised its discretion and used its knowledge of the petitioning attorneys' years of legal experience, which is gleaned from recent filings.[5] Mr. Melehy has been practicing law for more than 38 years and charges an hourly rate in the amount of $750.00 per hour. Mr. Melehy's hourly rate falls within the corresponding rate of $933.00 per hour according to the *Fitzpatrick*

[4] *See* n.3, *supra*. In the future, counsel shall include their number of years of legal experience or risk a denial of any motion seeking attorney's fees.

[5] The Court's understanding is that Mr. Melehy has at least 38 years of experience, Ms. Melehy has at least 29 years of experience, and Mr. Balashov has at least 9 years of experience. *See, e.g., Sparks v. Black Diamond Restaurant, LLC*, Civ. No. TDC-24-353, 2025 WL 3294695, at *3-4 (D. Md. Nov. 26, 2025), *report and recommendation adopted*, 2025 WL 4066510, at *1 (D. Md. Dec. 19, 2025).

*Matrix* for Washington, D.C. (*See* Fitzpatrick Matrix, p. 1). Were the undersigned to apply a reduction of 20% to reflect the difference between hourly rates for Washington, D.C. and Maryland, Mr. Melehy's hourly rate would still be less than the corresponding hourly rate in the *Fitzpatrick Matrix*.

The Court finds that Ms. Melehy has been practicing law for more than 29 years and charges an hourly rate in the amount of $700.00 per hour. Ms. Melehy's hourly rate falls within the corresponding rate per hour according to the *Fitzpatrick Matrix* for Washington, D.C. (*See* Fitzpatrick Matrix, p. 1). Were the undersigned to apply a reduction of 20% to reflect the difference between hourly rates for Washington, D.C. and Maryland, Ms. Melehy's hourly rate would still be less than the corresponding hourly rate in the *Fitzpatrick Matrix*.

The Court finds that Mr. Balashov has been practicing law for more than 9 years and charges an hourly rate in the amount of $575.00 per hour. Mr. Balashov's hourly rate falls within the corresponding rate according to the *Fitzpatrick Matrix* for Washington, D.C. (*See* Fitzpatrick Matrix, p. 1). Were the undersigned to apply a reduction of 20% to reflect the difference between hourly rates for Washington, D.C. and Maryland, Mr. Balashov's hourly rate would still be less than the corresponding hourly rate in the *Fitzpatrick Matrix*.

As it relates to the paralegals/law clerks, the Court finds that they billed an hourly rate in the amount of $250.00 per hour. That hourly rate falls within the corresponding rate of $255.00 per hour according to the *Fitzpatrick Matrix* for Washington, D.C. (*See* Fitzpatrick Matrix, p. 1). Were the undersigned to apply a reduction of 5% to reflect the difference between hourly rates for Washington, D.C. and Maryland, the paralegals'/law clerks' hourly rate of $250.00 per hour would exceed the corresponding hourly rate allowed per the *Fitzpatrick Matrix*. However, the Court has evaluated the particular factual circumstances of this case and has analyzed *De Paredes* and finds

the hourly rates sought for the attorneys and paralegals/law clerks to be reasonable.

*2. Hours Expended*

The Court next analyzes the hours expended to determine if they are reasonable. According to the Joint Motion, Plaintiff's counsel (including their paralegals/law clerks) expended a total of 134.90 hours working on this case: attorneys expended roughly 70 hours, and the paralegals/law clerks expended 65.5 hours. (*See* ECF Nos. 42 p. 7; 42-2). The parties assert that Plaintiff's counsel "engaged in rigorous factual investigation of the Plaintiff's claims," drafted the Complaint, engaged in written discovery, reviewed documents, met and conferred with opposing counsel, and "engaged in prolonged and arms-length settlement negotiations with Defendants' counsel which ultimately led to the resolution of this case." (ECF No. 42, p. 7). The Court finds the hours expended to be reasonable given all of the evidence before it. In sum, the amount sought is reasonable.

*3. Costs*

Finally, the Joint Motion also lists costs in the amount of $5,387.66. (ECF No. 42, p. 6). Even though there was no documentation provided that identifies the origin of the costs, per the Agreement, the parties have agreed that this is reasonable. (*See* ECF Nos. 42-1, p. 1).Thus, the Court will exercise its discretion and award this modest amount in costs.[6]

**E. Retention of Jurisdiction**

In the Joint Motion, the parties request that the Court "dismiss this case with prejudice but retain jurisdiction over this matter to enforce the terms of the Parties' settlement agreement." (*See* ECF Nos. 42, p. 1; 42-1, p. 8). The proposed order that the parties submitted also asks the Court to "retain jurisdiction over the enforcement of, and over any dispute arising under the Settlement

[6] Counsel is reminded that, in the future, they must provide documentation to support their fees. *See generally* United States District Court for the District of Maryland: Guidelines for Bills of Costs. (D. Md. 2022).

Agreement, including entering of default judgment against Defendants in the event of default." (ECF No. 42-3).

The Court finds that approximately seventh months from the date that the order issues approving the settlement all funds will be paid. (*See* ECF No. 42-1, p. 2). Next, as held earlier, as part of their joint motion submission, the parties have provided an unexecuted confessed judgment document. (ECF No. 42-1, pp. 11-13). The Court interprets this submission as an expression of the parties' understanding that legal processes outside of keeping this matter live in federal court remain available for the parties, should Defendants fail to make all payments.[7] In addition, although there are certainly several FLSA cases in this District where courts have retained jurisdiction over matters for the purpose of enforcing the settlement agreement, none of those involved a request for a court to retain jurisdiction for at least seven months, nor do any of them involve immediately requests to dismiss the pending case with prejudice.[8]

Accordingly, by separate order, the Court will dismiss this case without prejudice. In that order, the Court will retain jurisdiction over this matter until Marh 1, 2027 for the limited purpose of ensuring that Defendants make all payments.

## II. CONCLUSION

In sum, the Court hereby grants the Joint Motion and approves the settlement between the parties, based on the following factual findings:

1. The Parties have provided the Court with sufficient information to conclude that

---

[7] Pursuant to Maryland law, a confessed judgment is a "device designed to facilitate collection of a debt." *Schlossberg v. Citizens Bank*, 341 Md. 650, 655, 672 A.2d 625, 627 (1996). Should there be a trigger event for Plaintiff to move forward on the confessed judgment, the Md. Rules provide a mechanism for Plaintiff to file an action. *See generally Sager v. Hous. Comm'n of Anne Arundel Cnty.*, 855 F. Supp. 2d 524, 552 (D. Md. 2012).

[8] *See, e.g., Ramos v. Digital Prosthodontics, LLC, et al.*, Civ. No. 25-2052, 2025 WL 3523116, at *2 (D. Md. Dec. 28, 2025); *Hopkins, Jr. v. LRW Traffic Systems, Inc.* Civ. No. CDA 23-2355, 2025 WL 1370643, at *2 (D. Md. May 9, 2025);*Berman v. Mid-Atlantic Eateries, Inc.*, Civ. No. ABA 23-2840, 2024 WL 3597191, at *5 (D. Md. July 31, 2024); *Hernandez v. Microfit,* Civ. No. TDC 19-984, 2021 WL 1311579, at *3 (D. Md. April 8, 2021).

the settlement is fair and reasonable and is an equitable compromise of disputed facts and claims. In addition, the Settlement Agreement represents a fair and reasonable resolution of a *bona fide* dispute under the FLSA according to the factors that have been cited in other actions before the District Court.

2. The Court finds that the settlement was the product of arms' length negotiations between Counsel for the Parties, who are experienced in the field of FLSA litigation.

3. The attorneys' fees and costs to be paid under the Settlement Agreement are separately stated and Counsel has provided sufficient information to permit the Court to conclude that the fees and costs represent reasonable amounts incurred due to reasonable hourly rates. The amount allocated for attorneys' fees and costs bears a reasonable relationship to the amount being paid to the Plaintiff under the Settlement Agreement.

4. The Court will retain jurisdiction until March 1, 2027 for the limited purpose of ensuring that Defendants make all payments required pursuant to the settlement agreement.

A separate Order follows.

Dated: August 25, 2026

/s/
The Honorable Gina L. Simms
United States Magistrate Judge